**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANTHONY L. McKINNEY,**

      **Petitioner,**                    **CASE NO. 2:09-CV-00498**
                                      **JUDGE EDMUND A. SARGUS, JR.**
          **v.**                           **Magistrate Judge E.A. Preston Deavers**

**WARDEN, WARREN CORRECTIONAL**
**INSTITUTION,**

      **Respondent.**

## OPINION AND ORDER

On June 3, 2011, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's motion for a certificate of appealability and request to proceed *in forma pauperis* on appeal. For the reasons that follow, Petitioner's request for a certificate of appealability and his request to proceed *in forma pauperis* on appeal (Docs. 47, 48) are **DENIED.**

In this habeas corpus petition, Petitioner asserts the following claims:

    1.    The trial court constructively amended the indictment, resulting in McKinney being convicted of an offense that was not a lesser included offense of the offense charged in the indictment and for which he received no fair notice.

          The indictment was amended to allow the jury to convict on a charge of felony murder (2903.02(B)) when it originally listed purposeful murder (2903.02(A)).

    2.    The State's belated disclosure of favorable, material evidence deprived Petitioner of a fair trial because disclosure was too late to permit counsel to use it effectively at trial.

          The State turned over a police witness summary from Carlene Evans that indicated that Petitioner was not

the shooter.  This summary was not turned over until
it was too late to investigate.

3.  Petitioner's convictions are constitutionally unsound because
appellant counsel failed to call 3 witnesses that would have
exonerated Petitioner as the shooter.

Counsel failed to investigate or call 3 witnesses who
would have testified that Petitioner was not the
shooter.

4.  The indictment was structural error because it failed to allege
a mens rea element.

The indictment failed to allege the requirement
element of a mental state.

5.  Appellate counsel failed to raise trial counsel's
ineffectiveness for failing to suppress identification testimony
that derives from impermissibly suggestive procedures that
lead to an irreparably mistaken identification in violation of
the Due Process Clause of the Fifth and Sixth Amendment.

The identification procedures used were impermissible.

On June 3, 2011, this Court dismissed claims one and four as procedurally defaulted, and the
remainder of Petitioner's claims on the merits.

When a Court dismisses a claim on procedural grounds, a certificate of appealability "should
issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the
petition states a valid claim of the denial of a constitutional right and that jurists of reason would find
it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529
U.S. 473, 484 (2000). Thus, courts must consider two components in determining whether a
certificate of appealability should issue when a claim is dismissed on procedural grounds: "one
directed at the underlying constitutional claims and one directed at the district court's procedural

2

holding." The court may first "resolve the issue whose answer is more apparent from the record and

arguments." *Id.*

When a claim has been denied on the merits, a certificate of appealability may issue only if

the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v.*

*McDaniel,* 529 U.S. at 484. To make a substantial showing of the denial of a constitutional right,

a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues presented were "

'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot*, 463 U.S ., at 893,

n.4).

Upon review of the record, the Court is not persuaded that petitioner has established either

that reasonable jurists would debate whether the petition states a valid claim of the denial of a

constitutional right or whether this Court properly dismissed petitioner's claims as procedurally

defaulted. Therefore, petitioner's request for a certificate of appealability is **DENIED**.

The Court must also address Petitioner's request to proceed *in forma pauperis* on appeal.

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is

not taken in good faith. Federal Rule of Appellate Procedure 24 also provides:

> A party who was permitted to proceed in forma pauperis in the
> district-court action, or who was determined to be financially unable
> to obtain an adequate defense in a criminal case, may proceed on
> appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court – before or after the notice of
> > appeal is filed – certifies that the appeal is not taken in
> > good faith[.]

Fed. R. App. P. 24(a)(3)(A).  In addressing this standard, another court has explained:

> The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  *Id*.  Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis.  *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

*Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999).  However,

> "[t]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Mashing*, 2002 WL 15701, *3 (N.D.Ill. Jan. 4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 6341 (7th Cir. 2000).

*Penny v. Booker,* No. 05-70147, 2006 WL 2008523, at *1 (E.D. Mich. July 17, 2006).

In this case, the Court determines that a reasonable person could not suppose that the appeal has any merit.  The Court, therefore, certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith and accordingly **DENIES** Petitioner's request to proceed *in forma pauperis* on appeal.

For the foregoing reasons, Petitioner's motion for a certificate of appealability and request to proceed *in forma pauperis* on appeal, (Docs. 47, 48), are **DENIED.**

**IT IS SO ORDERED.**

| | |
|---|---|
| 7-11-2011 | |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |